

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN  
~~XXXXXXXXXXXXXXXXXXXXXX~~XXX  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L. A. Woods  
State Superintendent  
　of Public Instruction  
Austin, Texas

Opinion No. O-5469

Re: Validity of the Governor's  
approval of a deficiency appro-  
priation to cover items of ex-  
pense already incurred.

Dear Mr. Woods:

Your request for an opinion is as follows:

"Attached you will find a copy of a de-  
ficiency appropriation granted the State De-  
partment of Education.

"In requesting this deficiency appro-  
priation we specifically asked that $160.00  
of the amount be allocated to the third  
quarter of our appropriation Number D-801  
for the purpose of paying telephone expense  
for the month of May.

"This grant was approved and signed by  
the Governor on May 25th. The Comptroller's  
Department advised us that the $160.00 re-  
quested for the purpose of paying the May  
telephone expense cannot be used for the  
purpose because the expense was incurred  
before the appropriation was available.

"Since the $160.00 was specifically re-  
quested and granted for the purpose set forth  
above, and unless so used will lapse, we re-  
quest your opinion as to the use of this fund."

The deficiency was improvidently granted as to the item of $160.00 for the purpose of paying May telephone expense, and payment cannot be made therefor.

Article 4351 of the Revised Civil Statutes governing the matter of deficiency claims provides that the applicant therefor, "shall at least thirty days before such deficiency shall occur, make out a sworn estimate of the amount necessary to cover such deficiency until the meeting of the next Legislature." The power of the Governor therefore is thus limited with respect to approving and allowing such claims.

In Opinion No. O-4865 we answered the question, "May the Legislature appropriate moneys to pay obligations incurred before the appropriation to pay for same is made?", as follows:

"The Legislature . . . shall not . . . grant, by appropriation or otherwise, any amount of money out of the treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law. . . ."

"A public officer whose appropriations are exhausted cannot bind the State for subsequent expenditures. His authority to contract is only within the limit of the funds which the Legislature has authorized him to expend. Any greater expenditure is without authority of law. Expenditures in excess of these authorized in advance by the Legislature are made without authority of 'pre-existing law', and under Section 44 Article III of the Texas Constitution the Legislature cannot appropriate moneys to pay such claims. Fort Worth Cavalry Club v. Sheppard (Sup.Ct.) 83 S.W. (2) 660."

In the Cavalry Club case it was said:

"In the case at bar, the Adjutant General was limited in his right to contract (for rentals) to the amount of his appropriation bill. He was also limited by the terms of such appropriation. When he attempted to go beyond the powers conferred upon him by law, he acted without authority of law, and such act was and is void, and does not bind the State."

There had not only been an approved deficiency claim by the Governor, but there had also been a specific subsequent appropriation by the Legislature in that case.

Your question, therefore, is answered as above stated.

What we have said does not apply to that portion of the item covering calls or charges after the approval of the claim by the Governor.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      Ocie Speer
        Assistant

APPROVED Jul 31, 1943
Grover Sellers
First Assistant
Attorney General

OS:MR:BT